McCONNELL *v.* MANHATTAN CONST. CO. *et al.*

*(Supreme Court, General Term, First Department. January 28, 1889.)*

COSTS—EXTRA ALLOWANCE—WHEN EXCESSIVE.
   Plaintiff, holding judgments against a debtor to the amount of about $1,200, brought an action to set aside a conveyance of certain premises by the debtor as fraudulent. The premises were mortgaged, and, no surplus arising on foreclosure, plaintiff obtained leave to discontinue his action. *Held* that, as plaintiff could not recover more than the amount of his judgments, an extra allowance to defendant of $250, as a condition of the discontinuance, was excessive.

Appeal from special term, New York county.

Action by Benton McConnell against the Manhattan Construction Company and others. Plaintiff had leave to discontinue the action on the payment of costs and an extra allowance of $250, and from the order awarding such allowance the plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Philips & Avery,* for appellant. *John H. Deane,* (*W. R. Martin,* of counsel,) for respondents.

VAN BRUNT, P. J. This action was brought to set aside a conveyance made by the defendant company to the defendant Hughes, upon the ground that it was made with intent to hinder, delay, and defraud creditors. The plaintiff was the assignee of certain judgments against the company, amounting to the sum of $1,217.70, and at the time of the commencement of this action had executions outstanding in the hands of the sheriff upon said judgments. The complaint alleged the value of the property to be $180,000, with a surplus over all mortgages of $38,000, and that there were several mechanics' liens and judgments against the company, aggregating several thousand dollars more. The premises having been sold under foreclosure, and no surplus arising, the plaintiff had leave to discontinue the action upon payment of the costs and $250 allowance. It is sought to sustain this allowance upon the ground that the action was brought in bad faith, for the purpose of embarrassing the company, and that it broke down the company so that they were unable to carry through certain negotiations which they had for the termination of their difficulties. These facts, however, would not justify the court in granting an allowance beyond that authorized by law. The whole subject involved in the action was the value of defendant's equity in the property in question, provided such conveyance was set aside. That value could not exceed the amount of the liens of plaintiff's judgments, namely, $1,217.70. This was all that the plaintiff could possibly recover, and this, therefore, was all of which the defendant could be deprived; and as the plaintiff could not recover an allowance upon any greater basis, it is clear that the defendant has no greater rights. It would seem, therefore, that the allowance in question was beyond that which the law authorized, and unless the same is reduced to $60, by stipulation upon the part of the defendants, the order must be reversed, with $10 costs and disbursements, otherwise the order will be affirmed, without costs to either party. All concur.